101 F.3d 1393
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Rodolpho ORELLANA-OSORIO, also known as Rudy, also Known as
Rodolfo Orellana-Osorio, Defendant-Appellant.
 No. 95-1541.
 United States Court of Appeals, Second Circuit.
 Aug. 14, 1996.
 
 Rodolpho Orellana-Osorio appeals from a judgment of conviction entered on September 11, 1995, in the United States District Court for the Southern District of New York (Preska, J.), following a four-day bench trial.
 
 
 1
 Appearing for Appellant: John M. Apicella, Brooklyn, NY.
 
 
 2
 Appearing for Appellee: Andrew B. Lachow, Assistant U.S. Attorney, S.D.N.Y., New York, NY.
 
 
 3
 S.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Present CALABRESI, PARKER, C.J., POLLAK, Senior District Judge.*
 
 ORDER
 
 6
 Orellana-Osorio was charged with conspiracy to distribute and to possess with intent to distribute more than one kilogram of heroin after participating in drug transactions with government informants and agents. He was convicted on March 31, 1995 and sentenced to imprisonment for 121 months, to be followed by five years of supervised release, and a mandatory $50 special assessment. Orellana-Osorio is currently serving his sentence.
 
 
 7
 Orellana-Osorio raises four grounds in challenging his conviction. We reject all of them.
 
 
 8
 1. Entrapment. Orellana-Osorio claims that the district court misapplied entrapment law to his case. An entrapment defense requires that the defendant show inducement and, if he does, that the government prove predisposition beyond a reasonable doubt. See, e.g., United States v. Hurtado, 47 F.3d 577, 585 (2d Cir.1995). The district court found that the government did not induce Orellana-Osorio's crime, and therefore, that there was no entrapment. This finding is clearly supported by testimony in the record. According to that testimony, the government informant who approached Orellana-Osorio asked for the whereabouts of two men who had sold him drugs. Orellana-Osorio then stated that he had taken over the business of the two men and offered to help the informant. The trier of fact clearly believed this testimony, and thus properly reached the conclusion that there was no inducement.
 
 
 9
 The trial court also indicated that even if there had been inducement, Orellana-Osorio was predisposed to commit the crime and hence was not entrapped. The court found that Orellana-Osorio readily engaged in the drug transactions, that testimony and taped conversations supported the existence of predisposition, and that all of the potentially conflicting evidence suggested by the defendant was not credible. Although the district court did not state in precise terms that she found predisposition to exist beyond a reasonable doubt, we have warned against "us[ing] too high-powered a microscope" in examining a trial judge's ruling on entrapment when the facts are clear. United States v. Jones, 360 F.2d 92, 96-97 (2d Cir.1966) ("[T]o fault the court for not indulging in [ ] precise elaboration would be to spin gossamer.... Not regarding the case as in any way close, the judge found no occasion for nicety in expression as to burden of proof."). Judge Friendly's admonition in Jones applies precisely in the case before us. We therefore reject Orellana-Osorio's challenge to the district court's treatment of his entrapment defense.
 
 
 10
 2. Post-Arrest Statements. The defendant claims that his affirmative response to the question "Do you know me?", asked before Orellana-Osorio was read Miranda warnings, was erroneously admitted and that this pre-warning admission tainted subsequent post-warning statements by the defendant. It is not clear whether Orellana-Osorio's pre-warning response was admitted at the bench trial. If it was, this was error in light of Miranda, but given the district court's finding of overwhelming evidence and the limited scope of the admission by Orellana-Osorio, such an error, if made, was certainly harmless.
 
 
 11
 More serious is the question of whether this brief interrogation tainted the post-warning inculpatory statements made by the defendant. On the record, there can be no doubt that Orellana-Osorio's pre-warning response was voluntary. When an unwarned admission has been made without coercion, the admissibility of additional statements, made after the subsequent administration of Miranda warnings, turns on whether these latter statements were also freely given. See Oregon v. Elstad, 470 U.S. 298, 310-11, 314 (1985). The district court found Orellana-Osorio's post-warning admissions to be voluntary, and this finding is supported by the evidence. It follows that the statements were properly admitted.
 
 
 12
 3. The Telephone Book. The defendant claims that the district court erred in admitting into evidence a telephone book containing beeper numbers of two government informants because he believes that the book was insufficiently authenticated. But, since the contents of the telephone book and the notations by the arresting officers on the book provide a rational basis for a court to believe the book belonged to Orellana-Osorio, the court did not abuse its discretion in finding that the standard of authentication required by Fed.R.Evid. 901 was met.
 
 
 13
 4. Prior Acts Evidence. Defendant finally claims that the trial court erred when it admitted evidence that Orellana-Osorio was involved in an uncharged and unrelated cocaine conspiracy. Such evidence is admissible under Fed.R.Evid. 404(b) for purposes other than impugning the character of the defendant, United States v. Lasanta, 978 F.2d 1300, 1307 (2d Cir.1992), unless "its probative value is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. The court admitted the evidence to show background and preparation and to rebut the entrapment defense. The evidence clearly was probative for such purposes. Thus, the testimony about Orellana's initial discussion with a government informant, if credited, severely undermined his claim that the government induced the crime. There was no reason to believe that the danger of prejudice outweighed this significant probative value. We therefore reject the defendant's claim that the court abused its discretion by admitting the evidence. We have examined all of Orellana-Osorio's contentions and found them to be without merit. The district court's judgment is affirmed.
 
 
 
 *
 The Honorable Louis H. Pollak, Senior District Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation